CHARLES W. MATHIS AND SONS, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. WESTON CRANMER AND GRANT CONSTRUCTION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Decided June 2, 1931.

Before LAWRENCE, Circuit Court judge.

For the rule, *George A. Cella.*

*Contra, Percy Camp.*

LAWRENCE, C. C. J. This suit arose out of a collision of an automobile driven by the defendant Cranmer with a portable cement mixer owned by plaintiff and alleged to have been negligently left by employes of the Grant Construction Company partly on the highway without proper lights to indicate its presence. The accident occurred after dark and resulted in the breaking of the machine for which a recovery was sought by plaintiff of both defendants. The case was tried at the Ocean Circuit before me as trial judge and a

jury. The verdict was in favor of plaintiff and against the construction company for the moneys necessarily expended in having the machine repaired. The latter took out the present rule to show cause, pursuant to chapter 356, *Pamph. L.* 1931, and argues for a new trial on the following grounds: (1) because the jury was prejudiced by reason of a statement made immediately preceding the trial and within the hearing of members of the jury that the construction company had made a settlement for the personal injuries sustained by the other defendant Cranmer; (2) and (3) the court's refusal to grant a nonsuit and to direct a verdict; and (4) that the verdict was not only contrary to the weight of the evidence but the evidence itself.

The circumstance involving the construction company's possession of the cement mixer was that sometime before the accident it had hired it of plaintiff under a stipulated compensation for the purpose of enabling the company to perform a contract which required the building of approaches to a bridge under reconstruction. This work had been completed and defendant had notified plaintiff that it could come and get the machine but that it would hold it three or four days in order to have its men clean it, which appears to have been contemplated under the hiring agreement.

While a question was raised at the trial as to the date of the accident, defendant claiming that it was after this period, that the agreement was then at an end and the machine at the risk of plaintiff, it was open to the jury to find that the date was as alleged in the complaint and consequently that it was still in the possession and control of defendant. Its duty was, therefore, to use ordinary care to see that the machine was properly placed and lighted at night to the end that it should not, in the negligent sense, interfere to their injury with those having occasion lawfully to use the highway, and that it should be reasonably safeguarded from breakage due to such negligence. *New York, Lake Erie and Western Railroad Co.* v. *New Jersey Electric Railroad Co.,* 60 *N. J. L.* 338; *affirmed,* 61 *Id.* 287. That the defendant company

undertook to observe this duty was indicated by the testimony of its employes that they not only located the machine adjacent to the highway at the time but placed lights upon it. An issue of fact was raised at the trial as to their negligence in this regard, and it cannot be said that the finding of the jury in this respect adversely to defendant company was contrary to the weight of the evidence.

It is also urged as a ground for setting aside the verdict that the statement made at the trial, for the purpose of informing the court as to the issue to be submitted, relative to a settlement for the personal injuries sustained by the other defendant (Cranmer), alleged to have been made within the hearing of members of the jury, was prejudicial. No proof in support of it, however, was offered on the hearing of the rule, and it is difficult to see how any such proof could have been obtained. *Bragg* v. *King*, 104 *N. J. L.* 4. The bare statement of counsel will not suffice, especially as it is found that the verdict was not contrary to the weight of the evidence. Moreover, there is nothing before me to indicate that any of the jurors heard the statement. The other reasons advanced have been examined and found not to justify disturbing the verdict. The rule to show cause will be discharged.